[Cite as *State v. Parks*, 2025-Ohio-1954.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MUREL D. PARKS, JR. | : | Case Nos. 2025 CA 0002 |
| | : | 2025 CA 0003 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case Nos. 25 CR 0028 and
                                  25CR 0029



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 May 30, 2025



APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

CHRISHANA L. CARROLL              CHRISTOPHER BAZELEY
500 North 3rd Street              9200 Montgomery Road
Suite A                           Suite 8A
Coshocton, OH  43812              Cincinnati, OH  45242

*King, J.*

{¶ 1} Defendant-Appellant, Murel Parks, appeals his December 18, 2024 convictions from the Court of Common Pleas of Coshocton County, Ohio. Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 20, 2024, in case number 24CR0028, the Coshocton County Grand Jury returned an indictment charging Parks with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the fourth degree. The charge also included a forfeiture specification for a firearm and U.S currency. The charge involved Parks trafficking in methamphetamine.

{¶ 3} Also on February 20, 2024, in case number 24CR0029, the Coshocton County Grand Jury returned an indictment charging Parks with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a felony of the second degree. The charge included a forfeiture specification for U.S. currency. This charge also involved Parks trafficking in methamphetamine.

{¶ 4} On December 16, 2024, following plea negotiations with the State, Parks agreed to plead guilty as charged in both cases. In exchange for his pleas, the State agreed to take no position on sentencing. Following a thorough Crim.R. 11 plea colloquy, the trial court accepted Parks' pleas and convicted him. In case number 24CR0028 the trial court imposed a two-year sentence. In case number 24CR0029, the trial court imposed an indefinite sentence of seven to ten and a half years. The court ordered Parks to serve the sentences consecutive to each other and consecutive to a prison sentence

Parks was serving on a Muskingum County conviction at the time of his pleas in this matter.

{¶ 5}  Parks filed an appeal in each case and was appointed counsel. Pursuant to Loc. App.R.12, this court consolidated the cases. Parks' attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 6}  On February 3, 2025, Parks' counsel filed a motion to withdraw and indicated he sent Parks a copy of the *Anders* brief. By judgment entry filed Febuary 6, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Parks with the brief. Accordingly, this court notified Parks via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Parks did not do so.

{¶ 7} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 8} "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES."

{¶ 9} Counsel asks this court to determine if there is any merit to an argument that the trial court erred in imposing consecutive sentences. We find no error.

{¶ 10} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 11} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or

more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 13} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court

engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

{¶ 14} We first note Parks did not object during the sentencing hearing to the imposition of consecutive sentences, thereby forfeiting all but plain error. *State v. Wilson*, 2013-Ohio-1520 (10th Dist.) ¶ 8. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the proceeding clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 15} Upon review of the record, we find the trial court engaged in the correct analysis. It found consecutive sentences were necessary to protect the public and punish Parks, that he had an extensive prior record and had been to prison on several occasions, and that consecutive sentences were not disproportionate to the seriousness of his conduct. Transcript of sentencing 26-29.

{¶ 16} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit .... An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 17} Upon our independent review of the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an

appeal. Accordingly, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 18} The judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed.


By: King, P.J.

Popham, J. and

Gormley, J. concur.